**ZHI QIANG WU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–75190.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2009.

Filed April 27, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Linda G. Pollack, Esquire, Law Office of Linda Pollack, David Andrew Schlesinger, Esquire, Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner.

Antoinette Barksdale, Mark Lenard Gross, Esquire, Deputy Chief Counsel, OIL, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, KLEINFELD and FISHER, Circuit Judges.

## MEMORANDUM *

Wu, a former witness for the United States Government in a criminal alien smuggling case, petitions for review of an adverse decision of the Board of Immigration Appeals ("BIA") denying relief under asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1231(b)(3)(A). He

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

also seeks review from the BIA's order denying relief under the Convention Against Torture ("CAT"). 8 C.F.R. §§ 1208.16, 1208.18. The BIA based its decision entirely upon the oral opinion and order of an immigration judge ("IJ"). Because we conclude based on the whole record that the IJ's determinations were based upon (1) correct applications of the law, and (2) substantial evidence, we deny the petition. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (upholding on review BIA's dismissal of petitioner's request for asylum and for withholding of deportation, because his evidence was not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution").

■ First, the petitioner failed to establish that his problems were on account of a protected ground, or because he belonged to a protected group. He failed in this respect to show cognizable past persecution. The record is devoid of any evidence that either Wu or his family in China have ever been harassed, or that the Chinese government has any interest in him.

■ As to whether petitioner established a well-founded fear of future persecution based upon a protected ground, here, too, his evidence was unconvincing— to quote the IJ, his evidence was "weak" and not persuasive.

Accordingly, the IJ's and the BIA's conclusion that petitioner failed to establish his status as a "refugee" is well supported by the evidence. *See* 8 U.S.C. § 1158(b)(1).

■ Second, and for the same reasons, petitioner failed to demonstrate "a clear probability" that he will be persecuted on account of a protected ground in the country to which he will be removed. *INS v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Thus, he is not eligible for mandatory withholding of removal. 8 U.S.C. § 1231(b)(3)(A).

■ Third, protection under CAT requires a showing that it is "more likely than not" that an applicant will be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). Although the reason for asserted torture need not arise in connection with a protected ground, the potential torture must be inflicted by or at the instigation of or with consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1), (a)(6). Inasmuch as petitioner's evidence in support of his CAT claim is the same as his evidence related to asylum and withholding is one and the same, it, too, does not demonstrate that he is "more likely than not" to be tortured in China.

It may be that he might be prosecuted for crimes, but the record evidence does not show that such proceedings would amount to torture.

DENIED.